## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERMAINE DUTRIELLE, ) | |
| ) | Civil Action No. 10 - 1562 |
| Petitioner, ) | District Judge David S. Cercone |
| ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | |
| COMMONWEALTH OF ) | |
| PENNSYLVANIA; HON. RAYMOND A. ) | |
| NOVAK; HON. JEFFREY MANNING; ) | |
| DISTRICT ATTORNEYS; ROBERT ) | |
| COLVILLE; STEPHEN ZAPPALA, JR.; ) | |
| SUPERINTENDENT, S.C.I. ) | |
| GREENSBURG and MR. ) | |
| MAZURKIEWICZ, ) | |
| ) | |
| Respondents. | |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that Respondent's Motion to Dismiss (ECF No. 11) be granted, that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

**II.    REPORT**

Petitioner, Jermaine Dutrielle, a prisoner incarcerated at the State Correctional Institution at Pittsburgh, Pennsylvania, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

A. Relevant Procedural History

On April 16, 1992, Petitioner, Jermaine Dutrielle, pleaded guilty at CC Number 199113513 in the Court of Common Pleas of Allegheny County, to various drug related offenses and was

sentenced to 3 to 6 months incarceration to be followed by a term of 5 years probation. Petitioner was paroled at CC No. 199113513 on September 18, 1992 to serve his 5 year probation sentence.

On February 25, 1993, Petitioner was arrested on 7 counts of new drug related offenses at CC 199303273.[1] On February 11, 1994, Petitioner was found guilty of the charges at CC Number 199303273 and was sentenced on count 1 to a term of imprisonment of from 3 to 10 years. On May 9, 1994, the trial court sentenced Petitioner to 3 years of probation at count 4, to be served consecutive to count 1, 3 years of probation at count 6, to be served concurrent to count 4, and no further penalty as to the remaining counts. On June 22, 1994, Petitioner's post-sentence motions, which were filed with the trial court on February 22, 1994, were denied by operation of law.

As a consequence of this conviction, on April 6, 1994, the trial court revoked Petitioner's probation at CC 199113513 and imposed a term of imprisonment of from 1 to 10 years.

On June 20, 2006, Petitioner filed an untimely PCRA Petition. On March 25, 2010, Petitioner filed a Petition for Habeas Relief to the trial court, which was denied on June 10, 2010. Petitioner filed this federal Petition for Writ of Habeas Corpus on November 23, 2010.

### B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws were amended pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 142 Cong. Rec. H3305-01 (April 24, 1996), which provides as follows.

---

1. On March 1, 1993, Petitioner was arrested at CC Number 19930330314 for simple possession in violation of 35 P.S. '780 113(A)(16). This charge was nolle prossed on April 27, 1993.

2

>   (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 125 S.Ct.904 (Jan. 10, 2005). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual

3

claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, at CC No. 199113571, Petitioner's probation was revoked and he was sentenced to 1 to 10 years incarceration on April 6, 1994. As he did not file an appeal from his sentence, his judgment of sentence became "final" on or about May 6, 1994, *i.e*, the date of the expiration of the thirty-day filing period for filing a timely Notice of Appeal to the Superior Court. *See* Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that, because the Petitioner did not file a direct appeal from his guilty plea, his conviction and sentence became "final" upon the expiration of the thirty-day time period during which he could have appealed).[2] This date occurred before the April 24, 1996 effective date of the AEDPA. In Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998), the United States Court of Appeals for the Third Circuit agreed with other courts of appeals in holding that the new one-year limitations period in the AEDPA became effective, *i.e.*, first began to run, on the effective date of the AEDPA statute, April 24, 1996. Consequently, the Court held that habeas petitions filed one year after April 24, 1996, or on or before April 23, 1997, may not be dismissed for failure to comply with § 2244(d)(1)'s time limit. *See also* Nara, 264 F.3d at 315

---

2. *See also* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions).

4

(holding that petitioners whose convictions became final before the effective date of AEDPA had up until, and including, April 23, 1997 to file a timely petition under § 2244(d)(1)).

In the case at bar, however, Petitioner did not file his federal Habeas Petition by April 23, 1997; instead, his federal Habeas Corpus Petition was not filed in this Court until November 22, 2010, the date he signed his Petition. Thus, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file any applications for post-conviction or collateral review within his one-year limitations period. Consequently, Petitioner may not take advantage of the tolling provision under 28 U.S.C. § 2244(d)(2). Thus, his one-year limitations period ended on April 23, 1997.

The same analysis applies to his conviction at CC 199303273. Because Petitioner did not file any appeal in that case, his judgment of sentence became final on July 22, 1994, *i.e.*, 30 days after Petitioner's post sentence motions were denied by operation of law on June 22, 1994. As this date predates AEDPA's effective date, Petitioner had until April 23, 1997 to file his federal habeas petition. As he did not file any applications for post-conviction or collateral review within his one-year limitations period, he may not take advantage of the tolling provision under 28 U.S.C. § 2244(d)(2).

Unfortunately for him, Petitioner did not file his federal habeas corpus petition until November 22, 2010, almost thirteen years after his limitations period had expired. Nothing in the

record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id*. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240

F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 513 U.S. 1086 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.*, Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

The discussion above reveals that the Petition for Writ of Habeas Corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, Respondent's Motion to Dismiss the Petition as untimely should be granted.

## C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, a certificate of appealability should be denied.

III.   **CONCLUSION**

Based on the discussion above, it is respectfully recommended that Respondent's Motion to Dismiss the Petition as untimely be granted, the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: August 30, 2011

cc:   Jermaine Dutrielle, CG-6709
      SCI Pittsburgh
      P.O. Box 99991
      Pittsburgh, PA 15233